IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFFORD KENNETH MYELLE,

    Petitioner,                  No. 2:09-cv-2919 JAM KJN P

    vs.

G. SWARTHOUT,

    Respondent.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a decision in 2007 by the California Board of Parole Hearings (the "Board") to deny him parole.  This matter is before the court on respondent's motion to dismiss.  Respondent contends that petitioner's claims are barred by the statute of limitations and that the petition must be dismissed.

I.  <u>Statute of Limitations</u>

        Section 2244(d) of Title 28 of the United States Court sets forth a statute of limitations for filing a habeas petition in federal court:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

////

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post–conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. Where, as here, the petitioner challenges an administrative decision to deny parole, the limitation period is governed by the provisions of 28 U.S.C. § 2244(d)(1)(D). See Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003).

  The following facts are relevant to the statute of limitations analysis.

  1. On January 29, 2007, the Board decided, at the conclusion of its hearing and in petitioner's presence, that petitioner was denied parole. (Pet. at 16-62.) The transcript of this hearing decision provided in pertinent part:

> PAROLE DENIED FOUR YEARS.
> THIS DECISION WILL BE FINAL ON MAY 29, 2007.[1]
> YOU WILL BE PROMPTLY NOTIFIED, IF PRIOR TO THAT DATE, THE DECISION IS MODIFIED.

(Id. at 36.)

////

---

[1] See Cal. Penal Code § 3041(b); 15 C.C.R. §§ 2041(h), 2043 (parole board decisions become final 120 days after the date of hearing).

2

1    2. On May 1, 2008, petitioner signed and dated a petition for writ of habeas corpus directed to the California Superior Court in Solano County. (Mot., Ex. B.) The petition was file stamped in that court on May 7, 2008. (Id.) On July 2, 2008, Solano County transferred the petition to the Yolo County Superior Court because petitioner was sentenced there; it was filed in Yolo County on July 7, 2008. (Mot., Ex. C.) The petition was denied on September 10, 2008. (Mot., Ex. D.)

3. On November 22, 2008, petitioner signed and dated a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (Mot., Ex. E.) By order filed December 11, 2008, the petition for writ of habeas corpus was denied. (Mot., Ex. G.)

4. On February 11, 2009, petitioner filed a habeas corpus petition in the California Supreme Court.[2] (Pet. at 224.) It was denied without comment by order filed July 22, 2009. (Mot., Ex. G.)

5. On October 16, 2009, petitioner signed and dated the petition filed in the instant action.

II. Application of 28 U.S.C. § 2244(d)(1)(D)

Respondent concedes the statute of limitations period began to run on May 30, 2007, the day after the Board's decision became final. Thus, the trigger date for the running of the statute was May 29, 2007, with a commencement date of May 30, 2007. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Absent the statutory tolling noted below, the limitations period would have ended one year later, May 29, 2008.

The limitations period began running on May 30, 2007. Petitioner filed his first state court challenge to the Board's decision on May 1, 2008.[3] Because petitioner filed his state

---

[2] Neither party provided a copy of the entire petition filed in the California Supreme Court.

[3] Respondent has not challenged the dates on which petitioner signed and dated each of the petitions as the date on which the documents were delivered to prison officials for mailing to

court petition shortly before the statute of limitations period expired, he had only 28 days of the period left. Respondent agrees that petitioner is entitled to statutory tolling during the pendency of his state court petitions. (Mot. at 2.) Thus, petitioner is entitled to tolling from May 1, 2008, through July 22, 2009, the date the California Supreme Court denied the petition. However, on July 23, 2009, the statute of limitations clock began running again. Twenty-eight days later, on August 19, 2009, the statute of limitations period expired. Petitioner did not file the instant petition until October 16, 2009, almost two months after the deadline expired.

Petitioner argues the limitations period should be subject to a ninety-day extension based on the time frame petitioner could have filed a petition for writ of certiorari in the United States Supreme Court. (Opp'n at 1.) However, the United States Supreme Court has rejected petitioner's argument. Lawrence v. Florida, 549 U.S. 327 (2007) (time during which a petition for certiorari to the United States Supreme Court challenging the denial of state habeas relief is pending is not tolled.) Accordingly, respondent's motion to dismiss should be granted.

III. Equitable Tolling

On June 14, 2010, the United States Supreme Court held that § 2244(d) is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F.3d 1083, 1089-90 (9th Cir. 2005) (internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S.Ct. at 2562; Pace v. DiGuglielmo,

---

the respective courts. Accordingly, the court treats those dates as the filing dates for each petition. See Houston v. Lack, 487 U.S. 266 (1988).

4

544 U.S. 408, 418 (2005).  "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F.3d at 1107.

In light of Holland, the parties were directed to submit further briefing on the issue of equitable tolling by order filed June 16, 2010.  On July 16, 2010, petitioner was granted an additional thirty days in which to file the brief.  Thirty days have now passed and petitioner has failed to file a supplemental brief on equitable tolling.  Thus, there is no factual basis upon which this court can find equitable tolling applies.

In accordance with the above, IT IS HEREBY RECOMMENDED that respondent's March 18, 2010 motion to dismiss (Docket No. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 24, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

myel2919.mtd